■ In the Matter of KAREN MICHELLE F., Respondent, v WILFREDO C., Appellant. [984 NYS2d 51]—

Order, Family Court, Bronx County (James E. d'Auguste, J.), entered on or about November 27, 2012, which, inter alia, granted petitioner mother's petition to relocate from Bronx County to Florida with the parties' child, unanimously affirmed, without costs.

The court's determination has a sound and substantial basis in the record, and there is no reason to disturb the court's findings (*see generally Matter of Alaire K.G. v Anthony P.G.*, 86 AD3d 216, 220 [1st Dept 2011]). The court considered all of the relevant factors and properly concluded that the proposed relocation would serve the child's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). Although the then four-year-old child has a loving relationship with both parties, petitioner has been the child's primary caregiver and has been responsible for his day-to-day routine and his financial support for the past 2½ years. Petitioner also showed that a move to Florida would improve the child's quality of life (*see Matter of Kevin McK. v Elizabeth A.E.*, 111 AD3d 124, 131 [1st Dept 2013]; *Matter of Melissa Marie G. v John Christopher W.*, 73 AD3d 658 [1st Dept 2010].

Moreover, both petitioner and her current husband are committed to fostering a relationship between the child and respondent father (*see Sonbuchner v Sonbuchner*, 96 AD3d 566, 567 [1st Dept 2012]). Although petitioner's relocation will have an impact upon respondent's ability to spend time with his child, the liberal visitation schedule set by the court will allow for respondent and the child to continue to have a meaningful relationship (*see Matter of Carmen G. v Rogelio D.*, 100 AD3d 568 [1st Dept 2012]).

Respondent's contention that the court failed to adequately take into consideration the ability of the parties to equally bear the additional travel expenses that would be incurred as the result of the child's relocation to Florida is unpersuasive. The

record demonstrates that respondent was not forthcoming to the court about his finances and neither petitioner nor her husband testified that they were unable afford the additional travel expenses.

We have considered respondent's remaining arguments, including that he was deprived of a fair hearing, and find them unavailing. Concur—Friedman, J.P., Sweeny, Andrias, Gische and Clark, JJ.